[608 NYS2d 421]

In the Matter of Mark G. Fresco (Admitted as Mark Gilbert Fresco), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 1, 1994

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mark G. Fresco,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent Mark G. Fresco was admitted to the prac-

tice of law in New York by the First Judicial Department on March 28, 1966. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department. He now seeks an order pursuant to 22 NYCRR 603.11 permitting him to resign from the practice of law in this State.

The Departmental Disciplinary Committee (DDC) instituted formal charges against the respondent alleging that he neglected two matters, failed to return an unearned retainer, failed to satisfy judgments and failed to register as an attorney. While these charges were pending, the DDC initiated a *sua sponte* investigation into the respondent's handling of an escrow account and his default in a civil action seeking the return of funds from that account. As a result of this investigation, the pending charges were amended to include additional charges of intentional conversion of funds, failure to maintain escrow funds, failure to satisfy a judgment or respond to a subpoena duces tecum, and failure to answer the DDC's inquiries or provide documents requested.

In his affidavit of resignation, the respondent acknowledged that he is guilty of serious misconduct and that he cannot successfully defend himself on the merits against the charges lodged against him. He also agreed to cooperate fully with the DDC in its investigation into an additional nine complaints brought against him which have not yet been resolved. He further stated that he received an Admonition from the DDC on July 28, 1993 and requested a hearing but now withdraws that request.

The respondent's affidavit satisfies the rules of this Court (22 NYCRR 603.11 [a]) which provide that an attorney under investigation may resign if he states that such resignation is freely and voluntarily tendered, not resulting from coercion or duress, and that he is fully aware of the implications of such action. He must also admit his awareness of any pending investigation into allegations of misconduct, and acknowledge that if formal charges were to be predicated upon such allegations, he would be unable to defend himself successfully on the merits.

Accordingly, the respondent's resignation should be accepted and his name should be stricken from the roll of attorneys authorized to practice law in this State, effective immediately.

MURPHY, P. J., ROSENBERGER, WALLACH, ASCH and WILLIAMS, JJ., concur.

Respondent's resignation is accepted and filed, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective March 1, 1994.